**Paul Mack ALLEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 285 CR.**

Court of Appeals of Texas,
Beaumont.

Dec. 17, 1986.

Petition for Discretionary Review
Jan. 28, 1987.

C.M. Bradford, Cribbs, Lewis & Bradford, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of burglary of a building and habitual felony offender, and the jury assessed punishment at 95 years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Ground of error number one follows:

"The trial court erred in overruling appellant's motion to dismiss based on Art. 32A.02 section 1 C.C.P. prior to trial."

While the Speedy Trial Act has been held unconstitutional, *Creel v. State*, 710 S.W.2d 120 (Tex.App.—San Antonio, 1986, pet. filed), we believe this ground of error can be disposed of without a discussion of the

constitutionality of the Act. The court held a hearing out of the presence of the jury on this contention by appellant. The State argues that unless *Section 4(4)* of the Act is applicable (assuming the constitutionality of the Act), then the appellant's contention is good. That section of the Act provides that in computing the 120–day limit, the following periods shall be excluded:

"(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

"(A) he is attempting to avoid apprehension or prosecution; or

"(B) the state has been unable to determine his location by due diligence;"

▆▆▆ We have carefully read the testimony given the trial court on this matter. An officer testified of his efforts to find appellant and serve the capias and, while both appellant and his brother somewhat disputed this testimony, in such a hearing the trial court is the sole judge of the weight of the evidence and the credibility of witnesses. *Hamilton v. State*, 621 S.W.2d 407, 410 (Tex.Crim.App.1981); *Vasquez v. State*, 694 S.W.2d 56, 59 (Tex.App. —Corpus Christi 1985, pet. ref'd). We do not find that the trial court exceeded its discretion. The ground of error is overruled.

Appellant's next two grounds of error rely on *Batson v. Kentucky*, 476 U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that the State systematically excluded, by the use of peremptory challenges, all blacks from the jury which tried this black appellant. The *Batson* case was handed down *after* the case at bar was tried. This court has previously held that the rule of *Batson* is not retroactive. *Jerome Alexander Marks, AKA Winiford Jerome Marks v. State*, 721 S.W.2d 401, 721 S.W.2d 401 (Tex.App.—Beaumont, 1986, no pet.). We refer to that decision for an excellent discussion written by Justice Burgess as to our reasoning. These grounds of error are overruled.

Appellant's fourth ground of error states:

"The trial court erred in overruling appellant's objection to introduction of photographic identification evidence."

We have some difficulty in following this challenge. We find no such evidence introduced before the jury. An officer made an unequivocal in-court identification of appellant, without objection, and testified that his identification was based solely on seeing appellant at the scene of the crime. *See Holloway v. State*, 691 S.W.2d 608 (Tex.Crim.App.1984); *Lichtenwalter v. State*, 554 S.W.2d 693 (Tex.Crim.App.1977); *Miles v. State*, 499 S.W.2d 175 (Tex.Crim. App.1973). This ground of error is overruled.

Ground of error number five states:

"The trial court erred in overruling appellant's motion for mistrial on testimony which prejudiced defendant's right to a fair trial."

The officer who made the identification of appellant testified that a suspect had been shot running from the building. The officer testified that the station was called and a narcotics officer was talked to, and that the police had been told that the man the officer had shot was in a motel room. Objection was made by appellant, which was sustained, and the court gave an instruction to the jury to disregard.

▆▆ On cross, the appellant's attorney went into the matter of whether the officer had reason to believe "subsequently" if he had hit appellant when he shot, and whether he had told anyone he had hit the suspect (apparently, the officer first believed he had missed). So, a very good argument can be made that appellant invited the testimony he objected to. At any rate, he cites us no authority under this ground, and the court's response to the objection certainly cured any error. *See TEX.CODE CRIM. PROC.ANN. art. 38.24* (Vernon 1979); *Williams v. State*, 604 S.W.2d 146, 149–150 (Tex.Crim.App.1980); *Barnes v. State*, 502 S.W.2d 738 (Tex.Crim.App.1973); *Ralls v. State*, 649 S.W.2d 682 (Tex.App.—Tyler 1983, no pet.). This ground of error is overruled.

Appellant's sixth ground of error follows:

"The trial court erred in overruling appellant's motion for instructed verdict."

This ground of error is really a challenge to the sufficiency of the evidence to sustain the verdict. It would only unduly lengthen this opinion to summarize the State's evidence. Suffice it to say, the testimony was not only sufficient, it was overwhelming, and each and every element of the crime charged was supported and proved. This ground of error is overruled.

Ground of error number seven states:

"The trial court erred in overruling appellant's motion for mistrial based on prejudicial remarks in jury argument by prosecutor."

 No authority is cited in the ground, and no reference to any portion of the record is made. *See TEX.CODE CRIM. PROC.ANN. art. 40.09, sec. 9,* (Vernon Supp.1986); *Cook v. State,* 611 S.W.2d 83, 86 (Tex.Crim.App.1981). But, most troublesome to us, it is difficult to glean from appellant's discussion under this ground exactly what argument he complains of. The argument is not set out here but appellant's brief states: "On jury argument, prosecutor stated concerning a witness that was suppose[d] to be at the trial and to testify." If it is the argument we believe it is, the court sustained the objection and gave the jury an instruction to disregard. While the argument seems innocuous to us, certainly, under the decision we cite above in this opinion, the court's action cured any possible harm. This ground of error is overruled.

The eighth ground of error states:

"The trial court erred in overruling appellant's motion for mistrial based on prejudicial remarks in jury argument by prosecutor."

Again, we find it difficult to ascertain exactly what argument is complained of, and no authority is cited under this ground. Appellant's counsel asked in his jury argument why the State had not produced "the other party to this crime." Later, the prosecutor responded: "To finish what I was saying; I think you know that most of the time, we have great difficulty in getting Defendants in other cases to come forward and testify in another trial, especially when it involves the exact same offense." We think this was a legitimate response to the inquiry by appellant's counsel. *Kerns v. State,* 550 S.W.2d 91, 96–97 (Tex.Crim.App.1977). This ground is overruled.

Appellant's ninth and final ground of error states:

"The trial court erred in excluding appellant's offered evidence at the punishment phase of the trial."

Appellant offered hospital records to prove that when he was arrested, almost seven months after the date of the burglary, the police officers injured appellant. He also offered "bloody clothing"; the court rejected the evidence. Appellant urges, without authority, this evidence should have been admitted as "mitigating factors". The admission of such evidence at the punishment phase of the trial is within the sound discretion of the trial court. *Williams v. State,* 535 S.W.2d 637 (Tex.Crim.App.1976).

Factors for "mitigation" purposes ordinarily do not embrace factors which arise *after* the offense charged. *See Stiehl v. State,* 585 S.W.2d 716 (Tex.Crim.App. 1979). The officers had already admitted striking and injuring appellant during pursuit, so the evidence was already before the jury, and the trial court's refusal of the offered evidence could not have injured defendant. *Parrish v. State,* 614 S.W.2d 161 (Tex.Crim.App.1981); *Singletary v. State,* 509 S.W.2d 572, 577 (Tex.Crim.App.1974); *Ingram v. State,* 426 S.W.2d 877 (Tex. Crim.App.1968). This ground of error is overruled.

The judgment of the trial court is affirmed.