David Wayne DeBLANC, Appellant,

v.

The STATE of Texas, Appellee.

No. 69580.

Court of Criminal Appeals of Texas, En Banc.

July 1, 1987.

Craig A. Washington, Houston, for appellant.

Michael R. Little, Dist. Atty., Liberty, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of capital murder and assessed the death penalty. Appellant raised twelve points of error on appeal but, due to the nature of his ninth point of error, we restrict our discussion today solely to that point.

In his ninth point of error, appellant argues that he was denied a fair trial under Article I, Section 10 of the Texas Constitution and the Sixth, Eighth and Fourteenth Amendments to the United States Constitution when the prosecutor used a combination of challenges for cause and peremptory challenges to strike all the blacks from the jury panel. Appellant relies on the recent Supreme Court case of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

In *Batson*, the sole issue before the court was "to reexamine that portion of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), concerning the evidentiary burden placed on a criminal defendant who claims that he has been denied equal protection through *the State's use of peremptory challenges* to exclude members of his race from the petit jury." (Emphasis supplied). 106 S.Ct. at 1714. Thus *Batson* was only concerned with one component of the jury selection process— "the States' privilege to strike individual jurors through peremptory challenges." 106 S.Ct. at 1718. Prior to *Batson*, the case of *Swain v. Alabama* held that the only means of proving intentional exclusion of members of the defendant's race from the petit jury was to show the prosecutor's systematic use of peremptory challenges against blacks over a period of time. *Batson* modified the means of proof by holding that "a defendant may establish a prima facie case of purposeful discrimination in

selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial." 106 S.Ct. at 1722. Inherent in the *Batson* opinion is the premise that the defendant must make a timely objection to the prosecutor's challenges. Only after a defendant makes a timely objection at trial will the wheels of the *Batson* test go into motion.

The ruling in *Batson* has been deemed to have retroactive effect to those cases pending on direct review or not yet final at the time of the ruling. *Griffith v. Kentucky*, — U.S. —, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). So although the instant case was tried prior to the Supreme Court's decision in *Batson*, because it was pending on direct appeal at the time of the ruling, *Batson* is applicable.

■ Before going to the merits, however, we must decide whether the issue has been properly preserved for review. The record shows that after the jury array had been seated, appellant filed and argued a challenge to the array based upon the underrepresentation of blacks on the array. Appellant showed that of the 137 prospective jurors who appeared, only 15 were black. These 15 people constituted only 9% of the array when the most recent U.S. census showed that blacks comprised some 15% of the population of Liberty County. Appellant argued that this underrepresentation of blacks on the array increased the likelihood that appellant would be denied his Sixth Amendment right and Article I, Section 10, Texas Constitution right to a fair cross-section of the community on the jury panel. This challenge was overruled. During the actual voir dire, 62 veniremen were questioned, 7 of whom were black. Of these seven three of them (Paul Fontenot, Alex Mayfield and Wilbert Dark) were challenged by the State for cause. In each of these instances the appellant asked the court to note his exception and noted for the record that each one of these men were black. The State exercised peremptory challenges on the remaining four blacks (Willie Jones, Betty Lou Johnson, Adeline

Jones and Leo Sterling, Jr.). Again, appellant noted for the record that each one of these individuals was black. However, no exception to these challenges was voiced by the appellant. In addition, no motion was made regarding the composition of the jury prior to the jury being sworn in.

In *Henry v. State*, 729 S.W.2d 732 (1987), this Court wrote that:

> "We find nothing in the Supreme Court opinions which requires that, in cases pending on review or not yet final at the time the *Batson* case was decided, the defendant object before the jury was sworn. Rather, the opinions suggest *at most* that the defendant present the issue to the trial court." at p. 736.

Clearly appellant did not voice a clear objection to the use of the peremptory strikes by the prosecutor. However, by virtue of his motion to challenge the array and his efforts to point out that the prosecutor was using his peremptories on blacks, it is clear from the record that appellant was concerned with the exclusion of blacks from the jury and did present his concerns to the trial judge. Although we caution defense attorneys that such efforts would be inadequate in cases tried after *Batson*, we are compelled by fairness to hold that appellant has properly preserved the issue. *Henry v. State*, supra.

■ Because the trial court did not have the benefit of the Supreme Court's opinion in *Batson*, we feel it is now appropriate to remand the case so that the trial court may have the opportunity to consider first, whether appellant had made a prima facie showing of discrimination, and then if so, whether the State had a neutral explanation for the strikes. If the State is unable to explain properly its use of peremptory strikes on minority members of the prospective jury panel such that the trial court concludes that purposeful discrimination was the sole motivating factor behind any of the State's strikes, then the trial court should enter this finding in his findings of fact and conclusions of law. Such findings of facts and conclusions of law shall be forwarded to this Court for review.

This appeal is hereby abated with instructions to the trial court to conduct further proceedings consistent with this opinion and *Batson*. The record of those proceedings together with results of those proceedings and any findings of fact and conclusions of law are to be forwarded to this Court. *Keeton v. State*, 724 S.W.2d 58 (1987) (Opinion on Rehearing); *Williams v. State*, 731 S.W.2d 563 (1987).

It is so ordered.