William ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 69568.

Court of Criminal Appeals of Texas, En Banc.

Oct. 21, 1987.

Catherine Burnett, court appointed on appeal only, Janet Morrow, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and William J. Delmore, III and Bert Graham, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A., Penal Code § 19.03(a)(2). After finding the appellant guilty, the jury returned affirmative findings to the special issues under Article 37.071, V.A.C.C.P. Punishment was as-

sessed at death. We will abate the appeal and remand to the trial court.

The appellant was convicted of intentionally causing the death of Steven Creasy in the course of committing and attempting to commit the offense of robbery. The appellant raises sixteen points of error. Due to the nature of his sixth point of error, we will limit our consideration today to that point.

In his sixth point of error, the appellant contends that the trial court erred in overruling his motion to quash the jury based on the prosecutor's use of peremptory challenges to strike black venirepersons, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The appellant relies on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

In *Batson*, the Supreme Court held that the Equal Protection Clause prohibits a prosecutor from challenging potential jurors solely because of their race. *Id.* The ruling in *Batson* will be applied retroactively to all cases on direct appeal or those that were not yet final at the time of the ruling. *Griffith v. Kentucky*, 479 U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Since the appellant's case was pending on direct appeal at the time *Batson* was decided, we will apply *Batson* to the instant case.

Before addressing the merits of the appellant's point of error, however, we must determine whether the issue has been properly preserved for review. See *De-Blanc v. State*, 732 S.W.2d 640 (Tex.Cr. App.1987). After the jury was selected, but before the panel was sworn, the appellant filed a motion to quash the jury, alleging that the State had used its peremptory challenges to strike all but one black venireperson from the jury panel. The record indicates that of the 81 venirepersons who were called for potential jury service in the appellant's case, twelve of these were black. Of those twelve potential jurors, four were challenged for cause by the State, six were peremptorily challenged by the State, one was peremptorily challenged

by the appellant, and one served on the jury. The appellant's challenge was overruled by the trial court.

We recently addressed the matter of preservation of *Batson* issues in *Henry v. State*, 729 S.W.2d 732 (Tex.Cr.App.1987), in which we stated the following:

> In its brief, the State argues that the *Batson* protections should not apply to [the defendant] because he did not object before the jury was sworn. We find nothing in the Supreme Court opinions which requires that, in cases pending on review or not yet final at the time the *Batson* case was decided, the defendant object before the jury was sworn. Rather, the opinions suggest *at most* that the defendant present the issue to the trial court. We will then review the record of the instant case to determine whether [the defendant] sufficiently raised the issue at trial.

*Id.,* 729 S.W.2d at 736 (footnote omitted) (emphasis in original).

In *Henry,* after the voir dire examination but before the jury was sworn, the defendant requested that the prosecutor not be permitted to use peremptory strikes against black venirepersons. Then, after both sides had exercised their challenges and the jury was sworn, the defendant objected to the State's use of peremptory strikes to eliminate the black venirepersons from the jury panel. We held that the defendant sufficiently raised the issue of the State's use of its peremptory strikes at trial to invoke *Batson* protections.

Like *Henry,* the instant case was tried before *Batson* was decided. Here, the appellant *did* object, before the jury was sworn, to the prosecutor's use of peremptory strikes to exclude blacks from the jury. Clearly, then, the *Batson* issue was "present[ed] ... to the trial court." Cf. *DeBlanc,* 732 S.W.2d 640, 642 (Tex.Cr.App. 1987) (*Batson* issue held preserved where it was "clear from the record that [the defendant] was concerned with the exclusion

of blacks from the jury and did present his concerns to the trial judge"). We find that the appellant has properly preserved the issue.

■ Having preserved the issue for review, the appellant is entitled to have this case remanded for a *Batson* hearing. At the hearing, the appellant shall be given the opportunity to raise an inference of purposeful discrimination.[1] If the appellant makes this showing to the satisfaction of the trial court, the State must then give a neutral explanation for the use of its strikes. If the trial court concludes that, under *Batson,* the appellant has established purposeful discrimination with regard to any of the State's strikes, then the trial court should enter this finding in his findings of fact and conclusions of law.

The State urges that a remand of this case is unnecessary, "since the appellant presented *no* evidence of purposeful discrimination against blacks in the use of the State's peremptory challenges, and the lack of such a showing may be found by this Court as a matter of law." (emphasis in State's brief). We disagree.

In *Keeton v. State,* 724 S.W.2d 58 (Tex. Cr.App.1987), we noted that the issue of whether a defendant has presented sufficient evidence of purposeful discrimination to invoke the protections of *Batson* is a factual determination which must be made by the trial court. "By largely judging credibility of the prosecutor, content of the explanation and all other surrounding facts and circumstances, the trial judge must make a finding of fact concerning purposeful discrimination which should be given great deference by a reviewing court." *Keeton,* 724 S.W.2d 58, 65 (Tex.Cr.App. 1987).

Accordingly, this appeal is hereby abated with instructions to the trial court to conduct further proceedings consistent with this opinion and with *Batson.* The record of those proceedings, together with results of those proceedings and any findings of

---

1. For a more current treatment of *Batson* and its ramifications, *see Tompkins v. State,* No. 68,870, slip op. at 6a (Tex.Cr.App. October 7, 1987) (not yet reported), and "Batson v. Ken-

tucky: A New Weapon for the Defense," Thielman and Seymore, *Voice for the Defense,* October, 1987.

fact and conclusions of law, are to be forwarded to this Court. See *DeBlanc,* supra; *Williams v. State,* 731 S.W.2d 563 (Tex.Cr. App.1987); *Keeton,* supra; *Henry,* supra.

It is so ordered.

ONION, P.J., not participating.