**Thomas Joe MILLER–EL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69677.**

Court of Criminal Appeals of Texas, En Banc.

March 3, 1988.

Rehearing Denied April 27, 1988.

E. Brice Cunningham, Royce West, Dallas, for appellant.

John Vance, Dist. Atty. and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Thomas Joe Miller–El, hereinafter referred to as appellant, was convicted by a jury of intentionally causing the death of Douglas Walker while in the course of committing the underlying offense of robbery, which elevated the offense of murder to capital murder. See V.T.C.A., Penal Code, § 19.03(a)(2). After the jury answered the two special issues in the affirmative, the trial judge assessed appellant's punishment at death. V.A.C.C.P., Art. 37.071.

In his brief appellant asserts thirty-six points of error. In his first seven points of error, appellant contends that the prosecutor's use of ten of fourteen peremptory challenges to exclude black veniremen from sitting as jurors in this case violated his right under the Sixth Amendment to a jury drawn from a cross-section of the community. We shall abate the appeal and remand to the trial court for a hearing under the auspices of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The record reflects that during voir dire, the prosecutors exercised fourteen of the allowed fifteen peremptory challenges. Ten of the fourteen challenges were used to exclude black veniremen from sitting as jurors. Only eleven members of the black race were on the venire panel. In the end, one black juror was seated. Appellant is a member of the same race as the ten excluded veniremen. Appellant contends that the conduct of the prosecutors, in excluding the ten black veniremen, violated his constitutional rights guaranteed by the Sixth Amendment and the Equal Protection Clause of the Fourteenth Amendment to a jury drawn from a cross section of the community. Appellant asserts that the prosecutor's use of the peremptory challenges to exclude the ten black veniremen clearly established a purposeful or deliberate denial to blacks to participate as jurors in his case.

Prior to the individual voir dire of the veniremen, appellant filed a Motion To Quash The Indictment because of the exclusion of blacks from the jury panel. After the hearing, the trial court refused to quash the indictment. In this cause, it can be argued that appellant had a *Batson, supra,* hearing on his motion to quash the jury that heard his case. However, given the fact that *Batson, supra,* was not decided until after the case at bar had been tried to completion in the trial court, and given the testimony that transpired at the hearing, we believe such an argument would border on being specious.

We find that on the facts of this case, appellant sufficiently raised the issue of the State's use of its peremptory strikes at trial to invoke *Batson, supra,* protections on appeal. Cf. *DeBlanc v. State,* 732 S.W. 2d 640 (Tex.Cr.App.1987).

In *Batson, supra,* the Supreme Court reiterated its observation that the State's purposeful or deliberate denial of jury participation to black persons because of race violated a defendant's rights under the Equal Protection Clause of the United States Constitution. It then found that the State could not challenge potential jurors solely on account of their race.

In order to invoke the protections set forth in *Batson, supra,* a defendant must establish purposeful discrimination by showing that:

1. he was a member of a cognizable racial group;

2. the prosecutor had exercised peremptory challenges to remove from the venire members of the defendant's race (peremptory challenges constitute a jury selection practice which permits those to discriminate who are of a mind to discriminate); and

3. the facts and any other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude the veniremen on account of their race.

106 S.Ct. at 1723.

If the defendant raises an inference of purposeful discrimination through the State's use of its peremptory strikes, the burden shifts to the prosecutor who must come forward with a neutral explanation for the challenges. The trial court must then determine whether despite the State's explanation, the defendant has established purposeful discrimination. The Supreme Court in *Batson, supra,* stressed that not just any explanation would do, and in fact some explanations would per se not be sufficient. *Batson, supra,* 106 S.Ct. 1722, 1723. By largely judging credibility of the prosecutor, as well as content of the explanation, the trial judge must make a finding of fact concerning purposeful discrimination which should be given great deference by a reviewing court. *Batson, supra,* n. 21.

In the instant case, appellant clearly objected to the prosecutor's use of peremptory strikes. After the hearing to quash the indictment, the trial court overruled the appellant's motion on the jury selection issues by noting that the appellant failed to demonstrate systematic exclusion of black veniremen by the Dallas County District Attorney's Office.

We find that appellant has established an inference as required by the *Batson* court. First, he is a member of the black race. Second, the prosecutor exercised ten of fourteen peremptory challenges to exclude members of appellant's race. Finally, in using such a skewed number of strikes on the black veniremen, ten of the eleven prospective black jurors were peremptorily struck, with only a single black juror seated on the panel. However, it is not for this Court to say whether there was racial motivation in the prosecutor's actions. *Batson, supra,* requires that such a determination be made by the trial judge.

Because the trial court did not have the benefit of the Supreme Court's opinion in *Batson,* we feel it is now appropriate to remand the case so that the trial court may have the opportunity to consider first whether appellant had made a prima facie showing of discrimination, and then if so, whether the State had a neutral explanation for the strikes. If the State is unable to explain properly its use of peremptory strikes on minority members

of the prospective jury panel such that the trial court concludes that purposeful discrimination was the sole motivating factor behind any of the State's strikes, then the trial court should enter this finding in his findings of fact and conclusions of law. Such findings of fact and conclusions of law shall be forwarded to this Court for review.

*DeBlanc,* supra at 642.

This appeal is hereby abated with instructions to the trial court to conduct further proceedings not inconsistent with this opinion and *Batson.* The trial court shall forward the record of those proceedings and findings of fact and conclusions of law to this Court. *DeBlanc,* supra at 642. *Henry v. State,* 729 S.W.2d 732 (Tex.Cr. App.1987); *Keeton v. State,* 724 S.W.2d 58 (Tex.Cr.App.1986).

It is so ordered.

MILLER, Judge.

### ORDER ON REHEARING

The State's Motion for Leave to File a Motion For Rehearing is denied.

This appeal is abated to the trial court with instructions that it conduct a hearing pursuant to the full procedure and steps outlined in *Keeton v. State,* 749 S.W.2d 861 (Tex.Cr.App.1988) (opinion following abatement).

IT IS SO ORDERED.