**Jeffrey HASTINGS**

v.

**STATE of Texas.**

**No. 04–87–00493–CR.**

Court of Appeals of Texas, San Antonio.

June 30, 1988.

Rehearing Denied July 28, 1988.

Terrey Cobb, J.W. Howeth, Austin, for appellant.

Dwight E. Perchel, Asst. Dist. Atty., Seguin, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for aggravated assault found by the jury as a lesser included offense of attempted murder. After finding appellant guilty, the jury found the enhancement paragraph to be "true" and assessed punishment at twenty years' imprisonment and a fine of $500.00.

The first two points of error are based on the enhancement paragraph. Appellant argues the enhancement conviction did not become final prior to the commission of the primary offense and the enhancement paragraph should have been quashed. The next argument addresses error in the jury instruction on parole law to which appellant objected. The last argument utilizes *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to demonstrate error through designed use of peremptory challenge.

The evidence in this case shows that appellant and the complaining witness, Herman Lopez, were mutually engaged in past violent incidents. It also reflects that the families of each were unfriendly. There was evidence that appellant had earlier fired a shotgun into the house of complaining witness and his brother injuring the brother's wife and children. Appellant and the complaining witness also had a previous confrontation at a grocery store, one brandishing a pipe wrench and the other a knife. Again they met at a laundromat and Lopez fired threatening shots.

The incident made the basis of the present conviction began on July 21, 1986, when Hastings pursued Lopez on a highway in Guadalupe County, firing a shot at Lopez from his vehicle. Lopez stopped at a

drive-in grocery store to telephone the police. Appellant fired three pistol shots toward Lopez, striking a gas pump, a wall, and a tire. Several people were present at the store, both outside and inside. Some of them testified to the events which transpired. It was agreed that appellant left at a high rate of speed. After a high speed chase, during which appellant wrecked his vehicle, police arrested appellant and the present charges resulted.

■ The judgment of September 2, 1977, granting probation, reflects a finding of guilt for commission of the offense of *theft* when it should have stated *aggravated assault.* However, the docket sheet and other court documents in the record, including the judgment of revocation of that probation, accurately reflect the conviction was for the offense of aggravated assault. The trial court in this case corrected the September 1977 judgment by a judgment nunc pro tunc. We hold that based on the record the trial court had the inherent power to make the record speak the truth. *See, Wilson v. State,* 677 S.W.2d 518, 521 (Tex.Crim.App.1984). The error in the judgment granting probation was a clerical error, not a judicial error, and therefore was subject to correction.

Moreover, the final judgment of May 8, 1979, signed after probation was revoked, is the stated basis of the enhancement paragraph. This was a final conviction which occurred prior to the commission of the primary offense. TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1974). The trial court did not err in failing to quash the enhancement paragraph of the indictment. Points of error one and two are overruled.

■ Appellant next asserts he was harmed by the jury instruction on parole law. This law, article 37.07, § 4(a) (Vernon Supp.1988), has been declared unconstitutional. *Rose v. State,* 752 S.W.2d 529 (Tex. Crim.App.1987) (On motion for rehearing, June 15, 1988).

This court is bound to follow the standard of harm analysis as pronounced in *Rose.* TEX.R.APP.P. 81(b)(2) sets out that standard:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2). Appellant was convicted of aggravated assault, a third degree felony, rather than attempted murder, a second degree felony, for which he was indicted. The facts of the case, in addition to those previously discussed, are that appellant had been previously convicted of aggravated assault, the result of a plea of guilty to a lesser offense of attempted murder. Having been granted probation in that case, his probation was revoked based on commission of a burglary offense. This conviction is the basis of the enhancement paragraph.

The evidence further shows that appellant was hospitalized some time later after another unrelated altercation in which he was shot. Eight law enforcement officials, including the Sheriff of Guadalupe County and the Assistant Chief of the Seguin Police Department, testified at the punishment phase that they knew appellant, and his reputation as a peaceful and law abiding citizen was bad.

The jury argument of the State focused on the violent acts of appellant such as shooting into a house, shooting toward a person standing outside the drive-in grocery with innocent bystanders present, and shooting at a person from a car on the highway. The range of punishment permissible under the enhancement law was discussed, and the jury assessed the maximum number of years for a second degree felony.

While the charge to the jury as to the parole law was error, after considering the jury charge and jury arguments, and the evidence presented in the case in chief and at the punishment phase, we find that the statutory parole instruction did not affect appellant's sentence, thereby also determining beyond a reasonable doubt that the error made no contribution to the punish-

ment assessed. TEX.R.APP.P. 81(b)(2). The point is overruled.

 The fourth contention of appellant addresses error as defined in *Batson v. Kentucky, supra,* (it is error for the prosecutor to use peremptory challenges to exclude from a jury persons belonging to the same race as the criminal defendant solely on account of race or on the false assumption that members of that race as a group are not qualified to serve as jurors). A defendant may make a prima facie showing of purposeful racial discrimination in selection of the venire by relying solely on the facts concerning its selection in his case. *Id.,* 476 U.S. at 95, 106 S.Ct. at 1722.

After the jury was selected but before it was sworn, appellant objected to the State's peremptory challenge of venireperson, Roxanne Parker, a black woman. The trial court promptly conducted an in camera hearing. It was pointed out that the only black person on the panel was struck by the State. The only other black person on the panel had been challenged for cause by the State and excused without defense objection when she indicated she could not be impartial. The prosecutor stated four reasons for his action:

1. All persons under the age of 22 were struck. His belief was that those persons tend to be pro-defense. Parker was age 21.

2. She spelled her occupation incorrectly on the information card, indicating to him less intelligence than he desired in a competent juror.

3. On the same card Parker wrote her birth date instead of birthplace as asked, indicating inability to follow simple directions and inability to follow court instructions.

4. She listed her spouse as a female. The prosecutor declined to accept a possible homosexual juror.

The prosecutor noted on his initial list of jurors he had placed "OK" by Parker's name because her appearance was favorable. He said his peremptory strike came solely as the result of reading her information card.

At a *Batson* hearing the defendant must raise an inference of purposeful discrimination to the satisfaction of the trial court. If that showing is made, the State must then give a neutral explanation for the use of its strikes. "[T]he trial judge must make a finding of fact concerning purposeful discrimination which should be given great deference by a reviewing court." *Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987). *Accord, Robinson v. State,* 738 S.W.2d 673 (Tex.Crim.App.1987).

In the present case the trial court ruled that the State had not violated the ruling of *Batson v. Kentucky.* We hold there are no circumstances set out in the record to prompt this court to overturn that finding of fact. The last point of error is overruled.

The judgment is affirmed.