**Raul CRUZ a/k/a Rita Fry, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–874–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 13, 1988.

Shannon T. Warren, Houston, for appellant.

Kathlyn Giannaula, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury convicted Raul Cruz a/k/a Rita Fry, of delivery of more than twenty-eight (28) and less than two hundred (200) grams of cocaine and assessed punishment at thirty years in the Texas Department of Corrections and a fine of $20,000.00. Cruz brings five points of error. We affirm.

In his first point of error, Cruz contends the trial court erred by failing to hold a *Batson* hearing. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). Certain procedural steps must be followed before the trial court is required to hold a *Batson* hearing. *Henry v. State,* 729 S.W.2d 732 (Tex.Crim.App. 1987); *DeBlanc v. State,* 732 S.W.2d 640 (Tex.Crim.App.1987). Appellant did not comply with these specific prerequisites. The Court in *DeBlanc* wrote that "inherent in the *Batson* opinion is the premise that the defendant must make a timely objection to the prosecutor's challenges ... Only after a defendant makes a timely objection at trial will the wheels of the *Batson* test go into motion." 732 S.W.2d at 641. A defendant's objection is timely if it is made after the composition of the jury is made known, but *before* the jury is sworn and the venire panel is discharged.

*Henry* at 737 (emphasis added); *Degrate v. State,* 741 S.W.2d 553, 555 (Tex.App.— Waco 1987, no pet.). Appellant did not ask for a *Batson* hearing until the jury had been sworn and the venire dismissed.

The trial court gave an opportunity for the appellant to make a timely *Batson* objection. The trial judge asked both parties before the venire panel was dismissed whether either side had any objection. The appellant responded in the negative. The appellant's objection after the venire panel was dismissed is untimely. Therefore "the wheels of the *Batson* test" do not go into motion. The trial court did not err in refusing to require the prosecutor to explain the reasons for the use of her peremptory challenges due to the appellant's untimely *Batson* objection. Appellant's first point of error is overruled.

His second point of error, contends that the trial court erred in denying his motion to suppress. It was based on a contention that a Houston City Police Officer does not have County wide authority to make warrantless arrest.

The appellant's reliance on *Love v. State,* 687 S.W.2d 469 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd.) is misplaced. V.A.C.S., articles 998, 999 (1987), have been interpreted as allowing city peace officers county-wide jurisdiction to arrest offenders. *Angel v. State,* 740 S.W.2d 727, 736 (Tex.Crim.App.1987).

The record shows that appellant was arrested in Seabrook, Texas, a location in Harris County, Texas by a city of Houston Police Officer. Thus, the Houston Police Officer had jurisdiction to make the arrest of the appellant. 740 S.W.2d at 736.

The record also reveals that two Seabrook City Police Officers were present at the arrest of the appellant. This court has held that if any officer present has any jurisdiction to effectuate the arrest, the arrest is lawful. *Rivera v. State,* 730 S.W. 2d 824, 826 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd.). Therefore, even assuming that the Houston Police Officer was not in his jurisdiction to make an arrest, the presence of the two members of

the Seabrook Police Department made the arrest lawful. The appellant's second point of error is overruled.

Appellant urges in his third point of error that the trial court erred in admitting testimony into evidence, regarding a description of his appearance at the time of his arrest. Appellant, a male, contends that the description of him dressed in female attire is irrelevant and the identification of him had already been made. Appellant also argues that this description of him is harmful, prejudicial and an inadmissible collateral matter. We disagree.

■ Appellant made no objection when testimony identical to that complained of was previously elicited from the same witness, Officer Ricky Foxworth. Since the same description of the appellant's attire had been given earlier without objection the appellant waived his claim of error. *Crocker v. State,* 573 S.W.2d 190, 201 (Tex. Crim.App.1978). *See e.g.* TEX.R.CRIM.EVID. 103 and TEX.R.APP.P. 52(a).

■ In addition, this court assumes that appellant's point of error also raised the objection that the second time the identification testimony by Officer Foxworth is inadmissible, because it was already asked and answered. We disagree. Again, appellant waived any complaint about the trial court admitting the testimony because the identification of Raul Cruz was previously asked and answered. The record is devoid of any adverse ruling from the trial judge regarding this objection and thus there is no preservation of error. *Darty v. State,* 709 S.W.2d 652, 655 (Tex.Crim.App. 1986); *Stevens v. State,* 671 S.W.2d 517, 521 (Tex.Crim.App.1984); *Evans v. State,* 622 S.W.2d 866, 870–871 (Tex.Crim.App. 1981). *See e.g.* TEX.R.APP.P. 52(a).

■ Assuming arguendo that the appellant had preserved error for review, this court finds that the trial court did not abuse its discretion in admitting the testimony into evidence. The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State,* 575 S.W.2d 567, 570 (Tex.Crim.App.1979), and will not be reversed on appeal unless a

clear abuse of discretion is shown. *Werner v. State,* 711 S.W.2d 639, 643 (Tex. Crim.App.1986). This testimony is clearly admissible on the issue of identity. TEX.R. CRIM.EVID. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the termination of the action more probable or less probable than it would be without the evidence." Officer Foxworth's testimony was relevant for the purpose of the identification of the appellant. Prior to Cruz's arrest, and during all contacts with the police, the appellant was held out to be a woman named Rita Fry, and was even referred to in Officer Foxworth's testimony at trial as "she." At trial, however, the appellant apparently appeared dressed as a male. Thus, Officer Foxworth's testimony is not merely collateral or unfairly prejudicial, but gives the fact finder an explanation that the same person being described as the female Rita Fry by Officer Foxworth is the male Raul Cruz appearing in court. The trial court did not abuse its discretion in admitting the testimony. Appellant's third point of error is overruled.

In his fourth point of error the appellant contends that the trial court erred in admitting testimony of an alleged prior cocaine delivery between Raul Cruz and Officer Foxworth. In addition, the appellant complains that the testimony from Houston Police Department Chemist Clifton Hypsher is also inadmissible. We disagree. The appellant's point of error, his argument and authorities or trial objection does not indicate that these prior dealings between Cruz and Officer Foxworth are an extraneous offense. Neither does the appellant contend that he is entitled to this information pursuant to TEX.R.CRIM.EVID. 404. This court assumes that appellant's complaint is solely limited to his claim that this evidence should not be admitted by the trial court, because he was not supplied with the information pursuant to his discovery motion filed prior to trial. As previously cited in the third point of error, the trial court's determination of admissibility of evidence is within its sound discretion and will not be reversed unless clear abuse of discretion

is shown. *Jackson* 575 S.W.2d at 570 and *Werner* 711 S.W.2d at 643.

■ Appellant contends that he is entitled to information in the State's possession concerning an alleged previous cocaine delivery between appellant Cruz and Officer Foxworth. TEX.CODE CRIM.PROC.ANN. art. 39.14. We find that the trial court did not abuse its discretion in allowing this testimony into evidence even though Cruz was not given information that he previously requested in a discovery motion.

■ First, the defendant does not have a general right of discovery, in that the decision as to what is discoverable is committed to the discretion of the trial court. *Whitchurch v. State*, 650 S.W.2d 422, 425 (Tex. Crim.App.1983). In the present case, the record confirms that appellant's discovery motion was never ruled upon by the trial court. Without this ruling, the appellant has no grounds to complain that the State is in violation of his discovery request, and that he is entitled to the information. *See e.g.* TEX.R.APP.P. 52(a).

■ In addition, appellant has waived any error claiming he was surprised of the State's evidence. The record is devoid of any request by the appellant to postpone or continue the trial due to this purported new evidence. The appellant failed to follow the prerequisites needed to preserve error when appellant claims surprize. Thus the error is waived. *Lindley v. State*, 635 S.W.2d 541, 543 (Tex.Crim.App.1982); *Rodriguez v. State*, 597 S.W.2d 917, 919 (Tex. Crim.App.1980). *See e.g. Helton v. State*, 738 S.W.2d 734, 736 (Tex.App.—Beaumont 1987, pet. ref'd.).

Finally, if a discovery order had been obtained by the appellant, failure by the State to comply with the request does not result in reversible error unless it can be shown that the evidence withheld would have affected the outcome of the trial in the defendant's favor. *Carmona v. State*, 698 S.W.2d 100, 105 (Tex.Crim.App.1985). *See e.g.* TEX.R.APP.P. 81(b)(2). Appellant does not explain in his brief how the purportedly withheld evidence would have affected the outcome of the trial in his favor.

We find from the record that it would not have. Therefore, appellant's fourth point of error is overruled.

■ Cruz's fifth point of error states that the trial court erred in submitting the portion of the charge concerning actual transfer of cocaine. Appellant has also waived this point of error. Appellant's brief contains no authority supporting this proposition and thus, the appellant's brief contains six vague and unsupportable sentences that preserves nothing for appeal. *See* TEX.R.APP.P. 74(f)(2). *Brooks v. State*, 642 S.W.2d 791, 799 (Tex.Crim.App.1982). Thus, we do not need to discuss the merits of this point of error. However, again, assuming arguendo that the appellant has properly reserved and raised this issue, we find that the record clearly supports Raul Cruz's involvement in the crime he was found guilty. The trial court properly instructed the jury with regard to both the law of parties and the submission of this issue. *Conaway v. State*, 738 S.W.2d 692 (Tex.Crim.App.1987); *Whaley v. State*, 717 S.W.2d 26 (Tex.Crim.App.1986). *See e.g. Medellin v. State*, 617 S.W.2d 229 (Tex. Crim.App.1981). The appellant's fifth point of error is overruled. The judgment of the trial court is affirmed.