TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00600-CR







Dale Dennis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-228, HONORABLE JACK H. ROBISON, JUDGE PRESIDING








 Appellant Dale Dennis appeals his conviction for sexual assault of a child under
the age of seventeen years. See Tex. Penal Code Ann. § 22.011 (West Supp. 2000). (1) The jury
found appellant guilty and assessed his punishment at ten years and sixteen days imprisonment.

 Appellant advances one point of error. He contends that the "trial court erred in
refusing to suppress evidence which the prosecutor, in violation of a pretrial order for discovery,
failed to disclose to defense counsel." Appellant stresses that the issue is not whether the trial
court erred in refusing discovery, but rather whether the trial court abused its discretion in
admitting evidence which the prosecution had wilfully or in bad faith withheld from appellant after
the partial granting of a pretrial motion for discovery. We will affirm the conviction.


BACKGROUND


 Appellant does not challenge the sufficiency of the evidence to sustain the
conviction. Suffice it to say, the record reflects that the sixteen-year-old complainant learned
there was to be a party at appellant's house where there was a Jacuzzi. Near midnight on July 10,
1997, she drove a young girlfriend to the party and met appellant for the first time. The
complainant testified that at one point she drove a member of the party to a convenience store to
buy more beer. At another point she drove an intoxicated girl home and returned to the party. 
The record shows that the complainant was drinking intoxicants. The complainant revealed that
while she was in the hot tub appellant dragged her out of the tub and across the house to his
bedroom. There, the complainant stated that appellant raped her. She reported the incident to
her friends at the party, and when she arrived home about 2:00 a.m. the police were called.

 About 7:00 p.m. on July 10, 1997, Detective Tommy Hubertus of the Comal
County Sheriff's Office executed a search warrant at appellant's house and seized a green carpet,
a white T-shirt, and blue wind pants from appellant's bedroom. Another white T-shirt was found
in a hamper in the washer room. These items along with the rape kit and complainant's clothes
were sent to the Department of Public Safety lab. Doyle Jody Williams, a DPS criminalist,
testified that semen was found on one white T-shirt and on the carpet but on none of the other
items. The lab requested the blood of the suspect but none was forthcoming. Therefore, no DNA
testing was done. The source of the semen remained unidentified.

 The thirty-seven-year-old appellant denied the offense in his testimony. Danny
Grimes testified for the defense that he had sex with the complainant in the hot tub on the night
in question.


ISSUE


 The issue raised by appellant arose in the following manner. The indictment was
returned on September 3, 1997. Appellant filed a pretrial motion for discovery on October 30,
1997. The motion was heard on March 17, 1998, by a visiting judge. The motion was granted
in part, including the request for physical evidence and all reports of scientific evidence.

 The instant trial commenced on September 8, 1998. The prosecutor in his opening
statement told the jury that the evidence would show semen was found at the scene, specifically
in the bedroom on appellant's carpet. Appellant interrupted the opening statement to complain
that he had not been informed of any such evidence. The trial court permitted the prosecutor to
finish his opening statement. Shortly thereafter, the trial court conducted a hearing in the absence
of the jury. There were claims and counterclaims. The trial court concluded that the State "had
not hidden the ball," but appellant had not been informed of the lab test results. Appellant was
aware, however, that the items seized from his house had early on been submitted for testing to
the DPS lab.

 Appellant then filed a motion for a mistrial but withdrew it. Next, appellant moved
to exclude or suppress (2) the undisclosed evidence, claiming "surprise." In addition, appellant
urged the evidence was "highly prejudicial" and that it did not "prove anything." The district
attorney advised that a motion for continuance was the appropriate remedy, and because appellant
failed to pursue that course, he orally moved for a continuance on behalf of the State. The trial
court overruled the motion to exclude the evidence. Appellant reurged his motion telling the trial
court that he did not want a continuance. The trial court again overruled the motion as well as
the State's motion for continuance. (3) The evidence was later admitted at trial.


DISCUSSION


 If the State willfully or in bad faith withholds evidence subject to discovery
pursuant to a discovery order, as appellant claims in the instant case, the evidence is generally
inadmissible if a timely objection is made by the defendant. See Cooks v. State, 844 S.W.2d 697,
734 n.31 (Tex. Crim. App. 1992); Lindley v. State, 635 S.W.2d 541, 543 (Tex. Crim. App.
1982). The defendant must establish that the State acted willfully or in bad faith to justify the
exclusion of the evidence. See State v. Wright, 830 S.W.2d 309, 313 (Tex. App.--Tyler 1992, no
pet.). If the trial court allows the evidence, a showing of harm must be made in order to obtain
a reversal on appeal. See Hollowell v. State, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978).

 We need not analyze appellant's sole contention under this line of cases as urged. 
The principal basis for appellant's motion to exclude the evidence was "surprise." When the State
allegedly fails to fully effectuate a discovery order, causing the accused to claim "surprise," the
failure of the accused to seek a continuance or postponement of the trial waives any error. See
Lindley, 635 S.W.2d at 544; McQueen v. State, 984 S.W.2d 712, 718 (Tex. App.--Texarkana
1998, no pet.); Garner v. State, 939 S.W.2d 802, 804 (Tex. App.--Fort Worth 1997, pet. ref'd);
Cruz v. State, 762 S.W.2d 624, 627 (Tex. App.--Houston [14th Dist.] 1988, no pet.). Here,
appellant waived any error when he expressly declined to move for a continuance or to seek
postponement of the trial after claiming "surprise." It is true that the evidence was "highly
prejudicial," but most relevant State's evidence is intended to be prejudicial and is not
inadmissible for that reason. Further, there is no merit to the claim that the evidence did not
"prove anything."

 More importantly, there is another matter not raised or mentioned by either party. 
When the complained-of evidence was offered at trial, appellant's counsel expressly stated:  "No
objection." When the accused affirmatively asserts during trial that he has "no objection" to
previously challenged evidence he waives any error in the admission of the evidence. See
Morgaquez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Tuffiash v. State, 949 S.W.2d
873, 876 (Tex. App.--San Antonio 1997, pet. ref'd); Traylor v. State, 855 S.W.2d 25, 26 (Tex.
App.--El Paso 1993, no pet.). This is exactly what appellant did here. Any error is waived. The
sole point of error is overruled.

 The judgment is affirmed.



 


 John F. Onion, Jr., Justice

Before Chief Justice Aboussie, Justices Patterson and Onion*

Affirmed

Filed: January 21, 2000

Do Not Publish















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The current code is cited for convenience. The instant case was prosecuted under Act
of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3618, amended
by Act of May 16, 1995, 74th Leg., R.S., ch. 273, § 1, 1995 Tex. Gen. Laws 2611, amended
by Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 6, 1995 Tex. Gen. Laws 2734, 2736-37.
2. A motion to suppress evidence is a discretionary statutory pretrial motion which was not
recognized in Texas until the 1966 Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 28.01(6) (West 1989). An objection to the admission of evidence or a motion to exclude
evidence has always been available to the accused at trial. The pretrial terminology is frequently
and confusingly carried over into trial.
3. A motion for continuance must be in writing and under oath. See Tex. Code Crim.
Proc. Ann. art. 29.08 (West 1989); Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App.
1995).



 justify the
exclusion of the evidence. See State v. Wright, 830 S.W.2d 309, 313 (Tex. App.--Tyler 1992, no
pet.). If the trial court allows the evidence, a showing of harm must be made in order to obtain
a reversal on appeal. See Hollowell v. State, 571 S.W.2d 179, 180 (Tex. Crim. App. 1978).

 We need not analyze appellant's sole contention under this line of cases as urged. 
The principal basis for appellant's motion to exclude the evidence was "surprise." When the State
allegedly fails to fully effectuate a discovery order, causing the accused to claim "surprise," the
failure of the accused to seek a continuance or postponement of the trial waives any error. See
Lindley, 635 S.W.2d at 544; McQueen v. State, 984 S.W.2d 712, 718 (Tex. App.--Texarkana
1998, no pet.); Garner v. State, 939 S.W.2d 802, 804 (Tex. App.--Fort Worth 1997, pet. ref'd);
Cruz v. State, 762 S.W.2d 624, 627 (Tex. App.--Houston [14th Dist.] 1988, no pet.). Here,
appellant waived any error when he expressly declined to move for a continuance or to seek
postponement of the trial after claiming "surprise." It is true that the evidence was "highly
prejudicial," but most relevant State's evidence is intended to be prejudicial and is not
inadmissible for that reason. Further, there is no merit to the claim that the evidence did not
"prove anything."

 More importantly, there is another matter not raised or mentioned by either party. 
When the complained-of evidence was offered at trial, appellant's counsel expressly stated:  "No
objection." When the accused affirmatively asserts during trial that he has "no objection" to
previously challenged evidence he waives any error in the admission of the evidence. See
Morgaquez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App.