Burrell JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 50136.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Richard J. Petronis and John B. Guinn, Copperas Cove, for appellant.

Joe Carroll, Dist. Atty., and Troy Hurley, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder under V.T.C.A., Penal Code, Sec. 19.02; the punishment, 99 years.

The record reflects that on April 23, 1974, the deceased, Zola Jones, was at the home of Jeanette Alexander, appellant's former girlfriend. Appellant testified he went to Alexander's house to "cut her loose" and "explain to her that we was going to be through". As appellant approached the house, he could hear Alexander and Jones talking and referring to appellant as a "dummy" and "fool". Appellant met Alexander outside the house, took her to the front entrance, and pushed her through the doorway into a wall. Appellant then saw Jones rise from the couch and approach him. Appellant pulled a gun from his pocket and fired three times. Two of the shots struck Jones in the chest, killing him. The third shot wounded Alexander in the arm.

Appellant's first ground of error complains of the prosecutor's remarks during the punishment stage of trial. The comment complained of is as follows:

"[PROSECUTOR]: Ladies and Gentlemen, I must apologize to you for my fellow member of the bar [appellant's trial attorney's name]. This is the first time in my career in law that I have ever seen a lawyer get up and tell a jury, respectfully or not, that they were wrong in their verdict. What—

[DEFENSE ATTORNEY]: Your Honor, we're going to object.

\*    \*    \*    \*    \*    \*

THE COURT: I believe that is a correct statement of what he just said when he got up. Did he not?

[DEFENSE ATTORNEY]: No, Your honor.

THE COURT: All right. The jury will remember."

The comments of the court do not constitute an adverse ruling sufficient to preserve error. *Nichols v. State,* 504 S.W.2d 462. Even if the error were properly before this Court, the remarks of the prosecutor were not of a sufficiently inflammatory and prejudicial nature to require a reversal under the test set forth in *Bray v. State,* 478 S.W.2d 89, and reaffirmed in *Edmiston v. State,* 520 S.W.2d 386. Although the prosecutor's remarks did not constitute reversible error, personal attacks on defense counsel should always be avoided. *Crutcher v. State,* 481 S.W.2d 113.

Appellant's remaining two grounds of error complain of the exclusion of the testimony of a defense expert witness. Appellant asserts that such testimony was essential, first to the development of his theory of self defense and, second, to show his state of mind at the time of the offense.

After the State presented its case, appellant called the witness Wilkerson, who testified that the deceased had told him he knew karate. He also stated that he passed this information along to the appellant and further told him that the deceased's "hands" were "registered".

Appellant then offered the testimony of Vincent Costello, who stated that he held a black belt, the highest level of proficiency in his particular field of karate, and had trained in the art of karate for six years. Appellant then posed a hypothetical question to him about whether it was possible for a person the size of the deceased who had knowledge of karate to have rendered a blow after lunging forward from a seated position and, in a matter of seconds thereafter, to have disabled his adversary and killed him. At this point, the jury was withdrawn, and the witness answered the question affirmatively. The trial court then, upon motion from the State, rejected Costello's testimony entirely and, upon the jury's return to the courtroom, instructed them not to consider it for any purpose.

■ At the time the State's objection was made and sustained, appellant had not testified. There was no evidence that appellant knew anything about karate except that he had been told deceased knew something of it. Costello's testimony did not become relevant or admissible until the appellant developed that he knew about karate and understood how it was used and that he was in fear of the deceased because of deceased's knowledge of this art. Appellant did later testify to the above, at which time Costello's testimony may have become relevant. However, appellant made no further effort to present this expert testimony after appellant had testified.

A similar situation occurred in *Rawls v. State,* 127 Tex.Cr.R. 479, 76 S.W.2d 1053, in which this Court held, as we do here, that where the court excluded testimony that was not relevant at the time it was offered, the failure to reoffer the evidence when it did become relevant does not preserve error for consideration.

Finding no reversible error, the judgment is affirmed.