Ronald Curtis CHAMBERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 69609.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 6, 1988.

Richard Kristin Weaver, Richard Alan Anderson, Dallas, for appellant.

John Vance, Dist. Atty. and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

Appellant was convicted of capital murder and assessed the death penalty. Appellant raised thirteen points of error on appeal; however, the nature of points one through seven cause us to restrict our discussion to these points.

In the first seven points of error, appellant argues that he was denied a fair trial under the Fourteenth Amendment due to the prosecutor's use of peremptory challenges to strike all of the blacks from the jury panel. Appellant relies on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Batson*, the Supreme Court set out the basic requirements for such a challenge:

> To establish such a case, the defendant first must show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

*Id.* 106 S.Ct. at 1723 (citations omitted). The trial court must then rule whether

defendant's showing constitutes a prima facie case of discrimination. *Id.* If the trial court determines that a prima facie case has been made, the burden shifts to the State to come forward with a neutral explanation for its use of peremptory strikes. *Id.* After the neutral explanation is offered, the trial court makes a final determination as to whether purposeful discrimination has been shown. *Id.* at 1723–24.

The instant case was tried before the Supreme Court announced *Batson,* supra. However, *Batson* has been applied to cases which were pending on appeal at the time of that decision. *Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

■ For cases which fit within the window of time described in *Griffith,* supra, this Court has limited its inquiry to whether the defendant preserved the error in accord with the guidelines described in *Henry v. State,* 729 S.W.2d 732, 736 (Tex. Cr.App.1987). E.g., *DeBlanc v. State,* 732 S.W.2d 640 (Tex.Cr.App.1987). In the instant case, appellant perfected the record by noting the race of each venireman. In each instance where the State exercised a peremptory challenge to excuse a black venireman, appellant objected, asked for a racially neutral explanation of the State's challenge, and obtained an adverse ruling from the trial judge. Finally, appellant proffered that if he could examine the prosecutor, he expected to prove that each challenge was racially motivated. Appellant's preservation of error meets the standard provided in *Henry,* supra, and the State concedes that appellant properly preserved the issue.

■ Appellant argues that his proffer of proof that the prosecutor challenged the three black veniremen for improper reasons under *Batson* binds this Court to reach the conclusion that the veniremen were improperly challenged. In support of this proposition, he cites *Stewart v. State,* 686 S.W.2d 118 (Tex.Cr.App.1984), and *Johnson v. State,* 527 S.W.2d 525 (Tex.Cr.

App.1975). We feel that appellant's reliance on these cases for this assertion is misplaced. We read those cases to hold that when evidence is excluded, counsel must make a proper proffer of proof to preserve the question for appellate review. *Stewart,* supra, and *Johnson,* supra, do not require us to view offers of proof as dispositive findings of fact. Appellant's contention that we are bound by his assertion that there was racial motivation in the prosecutor's actions is overruled. *Batson,* supra, places such a determination in the hands of the trial judge.

> Because the trial court did not have the benefit of the Supreme Court's opinion in *Batson,* we feel it is now appropriate to remand the case so that the trial court may have the opportunity to consider first whether appellant had made a prima facie showing of discrimination, and then if so, whether the State had a neutral explanation for the strikes. If the State is unable to explain properly its use of peremptory strikes on minority members of the prospective jury panel such that the trial court concludes that purposeful discrimination was the sole motivating factor behind any of the State's strikes, then the trial court should enter this finding in his findings of fact and conclusions of law. Such findings of fact and conclusions of law shall be forwarded to this Court for review.

*DeBlanc,* supra at 642.

■ This appeal is hereby abated with instructions to the trial court to conduct further proceedings not inconsistent with this opinion and *Batson.* The trial court shall forward the record of those proceedings and findings of fact and conclusions of law to this Court. *DeBlanc,* supra at 642.

It is so ordered.