**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-50267
_____

CLARENCE LACKEY,

Petitioner-Appellee,


VERSUS


WAYNE SCOTT,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

(April 26, 1995)

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

The State of Texas appeals and moves to vacate the stay imposed by the district court on the execution of Clarence Lackey, a Texas death row inmate. The district court stayed the execution on the basis that reasonable jurists would disagree on the application of the abuse-of-the-writ doctrine, and the nonretroactivity doctrine, to Lackey's second habeas petition and on the merits of Lackey's claim. Because, as we have previously held,[1] the nonretroactivity doctrine bars Lackey's claim, we vacate the stay.

---

[1] _Lackey v. Scott_, 28 F.3d 486 (5th Cir. 1994).

BACKGROUND

Lackey beat, kidnapped, and murdered Diane Kumph on July 31, 1977. Lackey was arrested, convicted of capital murder, and sentenced to death. Although the Texas Court of Criminal Appeals reversed his conviction, Lackey v. State, 638 S.W.2d 439, 476 (Tex. Crim. App. 1982), Lackey was again convicted and sentenced to death. The Court of Criminal Appeals ultimately affirmed his conviction on rehearing. Lackey v. State, 819 S.W.2d 111, 136 (Tex. Crim. App. 1989).

In his first federal habeas petition in this court, Lackey argued that executing him after his lengthy incarceration would constitute cruel and unusual punishment under the Eighth Amendment. In particular, Lackey argued that "executing him after his lengthy incarceration 'makes no measurable contribution to accepted goals of punishment' [and that] the addition of the death penalty to his lengthy incarceration is 'grossly out of proportion to his isolated act.'" Lackey v. Scott, 28 F.3d 486, 492 (5th Cir. 1994) (quoting Appellant's Opening Brief at 42), cert. denied, 115 S. Ct. 743 (1995). We refused to consider his argument for two reasons: "First, Appellant raises these arguments for the first time on appeal. Second, granting Lackey the relief he seeks would require us to create a new rule." Id. (citation omitted).

Lackey's second federal petition also asserts that his execution after his lengthy incarceration on death row would constitute cruel and unusual punishment under the Eighth Amendment. His present claim specifically targets the alleged procedural

default of the State as the cause for violation of his Eighth Amendment rights. As the district court put it: "Debatably, that which is truly 'new' . . . is the added emphasis on 'who is to blame' for the bulk of the time he has spent on death row." Lackey v. Scott, MO-95-CA-68-F, slip op. at 17 (W.D. Tex. Apr. 21, 1995). The Court of Criminal Appeals denied this same claim. Ex parte Lackey, Writ No. 24,267-02 (Tex. Crim. App. Mar. 1, 1995), cert. denied, 63 U.S.L.W. 3705 (Mar. 27, 1995). The district court stayed Lackey's execution, which is scheduled for April 28, 1995.

DISCUSSION

We review a stay imposed under 28 U.S.C. § 2251 for abuse of discretion. Delo v. Stokes, 495 U.S. 320, 322 (1990). A federal court may stay an execution based on a second or successive federal habeas petition only when substantial grounds exist upon which relief may be granted.[2] Id. at 321.

As we have already decided in this case, Lackey's claim invokes the nonretroactivity doctrine.[3] Federal courts are barred

---

[2]   The parties and the district court misconstrue our recent decision in James v. Cain, No. 95-30354, 1995 U.S. App. LEXIS 8825 (5th Cir. Apr. 17, 1995). In that case, because we determined that reasonable jurists would not debate James's failure to show cause in his successive petition, we denied his application for a certificate of probable cause (CPC). Id. at *22-*23. Without a CPC there could be no appeal so we denied the stay. In this case, the district court applied the reasonable jurist standard in determining whether to grant a stay. The reasonable jurist standard, however, is the inquiry in determining whether to grant a CPC.

[3]   Lackey contends that executing him after a lengthy incarceration, allegedly caused by the State's procedural default, would either be considered cruel and unusual by the Framers of the Constitution or violate the common decency standards of modern American society. See Ford v. Wainwright, 477 U.S. 399, 405-06

from applying new constitutional rules of criminal procedure retroactively on collateral review.  Teague v. Lane, 489 U.S. 288, 310 (1989).  Teague prohibits application of a new procedural rule to a conviction that was final before the rule's creation.  The nonretroactivity doctrine applies equally to a novel application of an old rule.  Stringer v. Black, 112 S. Ct. 1130, 1135 (1992).

Neither of Teague's two narrow exceptions apply to Lackey's claim.  The first concerns primary, private, individual conduct that is a substantive due process right; the second concerns procedures implicit within ordered liberty that significantly improve factfinding.  Teague, 489 U.S. at 311-12.  The new rule that Lackey seeks would neither place certain primary conduct beyond prohibition nor apply to factfinding.

The district court held that reasonable jurists would debate whether Teague applies to this case because Lackey could not have raised this claim on direct review.  Nevertheless, Lackey's claim attacks the punishment judgment imposed by the trial court.  He claims the State's procedural delay caused the Eighth Amendment violation.  The Supreme Court requires nonretroactivity on collateral review because the finality of a state criminal judgment promotes deterrence.  Teague, 489 U.S. at 309.  The Court has not carved out any exceptions to Teague other than two narrow ones.

Last time we held that we could not grant Lackey relief because to do so would require us to create a new rule.  Lackey v.
_____

(1986).

4

<u>Scott</u>, 28 F.3d at 492. The district court held that reasonable jurists would debate whether the grounds for relief between the successive petitions are identical for purposes of 28 U.S.C. § 2254 Rule 9(b). We need not address the issue of identical grounds because both claims require the same analysis under <u>Teague</u>. Both claims attack the state court judgment yet arise from postconviction facts. Consequently, <u>Teague</u>'s nonretroactivity doctrine bars Lackey's current claim. We conclude that the district court abused its discretion by staying Lackey's execution.[4]

## CONCLUSION

Because the nonretroactivity doctrine prevents us and the district court from granting Lackey's petition, we VACATE the stay imposed by the district court.

---

[4] In other words, assuming without deciding that Lackey's petition is not an abuse of the writ and that it would succeed on the merits, the district court could not enter a stay because the nonretroactivity doctrine bars Lackey's claim.

5