**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-50501

CLARENCE ALLEN LACKEY,

Appellant-Petitioner,

VERSUS

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Appellee-Respondent.

Appeal from the United States District Court
For the Western District of Texas

May 3, 1996

Before JOLLY, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:

Clarence Lackey, a Texas death row inmate, appeals the district court's denial of his petition for writ of habeas corpus. Because, as we have previously held, the nonretroactivity doctrine bars Lackey's claim, and because inordinate delay in carrying out an execution does not violate a prisoner's Eighth Amendment rights, we deny relief.

In his first federal habeas petition, Lackey argued that executing him after his lengthy incarceration would constitute cruel and unusual punishment under the Eighth Amendment. In particular, Lackey argued that "executing him after his lengthy incarceration 'makes no measurable contribution to accepted goals of punishment' [and that] the addition of the death penalty to his lengthy incarceration is 'grossly out of proportion to his isolated act.'" Lackey v. Scott, 28 F.3d 486, 492 (5th Cir. 1994), cert. denied, 115 S. Ct. 743 (1995). We refused to consider his argument for two reasons: "First, Appellant raises these arguments for the first time on appeal. Second, granting Lackey the relief he seeks would require us to create a new rule." Id. (citation omitted).

Lackey's second federal petition also asserted that his execution after his lengthy incarceration on death row would constitute cruel and unusual punishment under the Eighth Amendment. Lackey v. Scott, 52 F.3d 98 (5th Cir. 1995). His present claim specifically targets the alleged procedural default of the State as the cause for violation of his Eighth Amendment rights. The district court stayed Lackey's execution, concluding that reasonable jurists would disagree on the application of the abuse-of-the-writ doctrine and the nonretroactivity doctrine to Lackey's second habeas petition and on the merits of Lackey's claim. Lackey

---

[1] For a discussion of the underlying facts, see our prior opinions in Lackey v. Scott, 28 F.3d 486, 492 (5th Cir. 1994), cert. denied, 115 S.Ct. 743 (1995), and 52 F.3d 98 (5th Cir.), cert. dismissed, 115 S.Ct. 1818 (1995).

v. Scott, 885 F. Supp. 958, 967-68 (W.D. Tex. 1995).

We then vacated the district court's stay of execution and held that an identical claim was barred by the nonretroactivity doctrine of Teague v. Lane, 489 U.S. 288, 310 (1989). In addressing the abuse-of-the-writ argument, we stated:

> The district court held that reasonable jurists would debate whether the grounds for relief between the successive petitions are identical for purposes of 28 U.S.C. § 2254 Rule 9(b). We need not address the issue of identical grounds because both claims require the same analysis under Teague.

52 F.3d at 100. Thus, this panel never evaluated the merits of the abuse-of-the-writ argument, and instead held that Teague's nonretroactivity doctrine barred Lackey's Eighth Amendment claim.

Lackey then sought a stay from the Supreme Court. The Supreme Court issued a per curiam order granting a stay of execution "pending the district court's consideration of petitioner's petition for writ of habeas corpus." Lackey v. Scott, 115 S. Ct. 1818 (1995). Before the district court considered the petition, this Court decided Fearance v. Scott, 56 F.3d 633 (5th Cir.), cert. denied, 115 S. Ct. 2603 (1995), which held that the legal theory underlying a "Lackey" claim is not novel and thus does not meet the novelty exception to the abuse-of-the-writ doctrine. Relying on Fearance, the district court dismissed Lackey's claim as an abuse of the writ. Lackey now appeals.

## DISCUSSION

We need not determine whether Lackey's Eighth Amendment claim properly falls under the abuse-of-the-writ doctrine. Even if

Lackey's claim is not procedurally barred, as Lackey now concedes,[2] a recent decision of the Fifth Circuit, <u>White v. Johnson</u>, 1996 WESTLAW 125022 (5th Cir. March 21, 1996), now controls the outcome of Lackey's habeas petition. In <u>White</u>, this Court held that "Our decision in Lackey remains the law of this circuit until reversed, vacated or remanded. . . . Accordingly, we are bound to hold that Teague precludes relief on White's eighth amendment claim." <u>Id</u>. at *5. In addition, if <u>Teague</u> does not apply, Lackey's claim also fails on the merits, because <u>White</u> holds that inordinate delay in carrying out an execution does not violate the prisoner's Eighth Amendment rights. <u>Id</u>. at *8.

CONCLUSION

For the foregoing reasons, the district court's denial of Lackey's petition for writ of habeas corpus is AFFIRMED.

Motion for Expedited Appeal DISMISSED as moot.

---

[2] <u>See</u> Motion for Expedited Appeal filed March 29, 1996.