In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00223-CR

____________


ANTONIO GERARDO RODRIGUEZ, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 228th District Court

 Harris County, Texas

Trial Court Cause No. 837687 






O P I N I O N

 A jury convicted appellant of murder and assessed punishment at eight years
in prison. We affirm. 


BACKGROUND

 On February 28, 2000, after having smoked and snorted cocaine, Melecio
Tamayo, Irene Guerrero, and John Session went to appellant's home. Appellant
allowed his visitors to come into his house and told them that they would have to
keep the noise down because his son was asleep. Appellant and Tamayo then began
talking, Tamayo gave appellant four rocks of crack cocaine, and appellant went to his
bedroom. Guerrero, Session, and Tamayo remained in the living room and watched
a pornographic videotape. Appellant walked in and out of his room several times and
eventually asked everyone to leave after Tamayo refused to give appellant more crack
cocaine. 

 Tamayo became very upset at appellant because Tamayo had already given
appellant four rocks of crack cocaine. Moreover, Tamayo stated that appellant owed
him $30 for Guerrero's services. (1) Appellant denied this. Tamayo then told appellant
that he was either taking appellant's VCR or appellant's credit card for collateral for
the debt appellant owed. Tamayo then disconnected appellant's VCR. Appellant
hurried back to his bedroom, returned to the living room with a gun, and pointed it
at Tamayo's head. Appellant stated that he would kill Tamayo if Tamayo did not put
the VCR down. Tamayo urged appellant to kill him while he had the chance,
otherwise appellant would be dead in the morning. Appellant kept his gun pointed
toward Tamayo. As Tamayo walked away from appellant's apartment, Tamayo
turned around and told appellant, "You are dead, dude. We will see who is dead." 
Appellant then fatally shot Tamayo. The police found the VCR outside appellant's
residence.

IMPROPER VOIR DIRE 


 In his first point of error, appellant contends that the trial judge erred by
allowing the State improperly to commit venire members to specific facts based on
two hypotheticals. We review the trial judge's decision for abuse of discretion. Atkins
v. State, 951 S.W.2d 787, 790 (Tex. Crim. App. 1997).

 "An attorney cannot attempt to bind a venire member to a verdict based on
a hypothetical set of facts." Allridge v. State, 850 S.W.2d 471, 480 (Tex. Crim. App.
1991). A commitment question is one in which a "yes" or "no" answer commits the
venire member to resolving an issue in a certain way. Standefer v. State, 59 S.W.3d
177, 179-80 (Tex. Crim. App. 2001). 

 The State posed the following two hypotheticals during voir dire:

 (1) . . .[W]e have two people sitting at a bar and they are
arguing over what everybody else has been arguing over,
whether we should count the votes in Florida or we should
not count the votes in Florida. And they are sitting there
and they are arguing and the Bush man says, hey, he
[Bush] is the President. It is over. The Gore man says,
hey, the news media has those ballots and they are counting
them right now. And if I find out that Al Gore had more
votes than George Bush, I am going to kill you. I am going
to kill you. Not right now. When they finish counting
those votes, I am going to kill you. And let's say the Bush
man says, okay, and pulls out a gun and shoots [the Gore
man], right then and there, for what [the Gore man] said
that he was going to shoot him if this happened later, not
right then. He was not in immediate fear for his life. [The
Gore man] pulls out a gun and shoots [the Bush man][sic].


 (2) . . . Let's say two friends have the same type of bicycle. 
A little different, one's red and one's black. Two eight-year-old boys go out riding their bikes. They exchange
bikes. One is riding the other one's bike and he wrecks
[the bike]. They go home, the father of the person whose
bike is ruined tells the other father, I need you to pay for
my son's bicycle because your son was riding it and he
broke it. [The father says], I'm not doing [paying for the
bike]. They are kids. They knew what they were doing. 
I am not paying for the bike. [The fathers] get into an
argument. That night Father, number one, decides that [he
is going to take the other kid's bike and give it to his own
son]. [The fathers] know each other. Father, number one,
goes to the other Father's house and grabs the bicycle. 
Father, number two, sees him with a bicycle and shoots and
kills Father, number one, for stealing his son's property.


The State then asked a series of questions based on the hypotheticals. Appellant
objected only to the following question asked to venire member one: "You do not
think he has the right to use self-defense, deadly force, against the person?" 
Appellant's objection was overruled by the trial judge. The record shows that similar
questions were asked of all other venire members, and appellant made no further
objections. Under such circumstances, appellant waived any complaint he may have
had by failing to object. See Ford v. State, 919 S.W.2d 107, 113 (Tex. Crim. App.
1996); Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991); Tex. R.
App. P. 33.1(a).

 We overrule appellant's first point of error.

INEFFECTIVE ASSISTANCE OF COUNSEL

 In his second and fifth points of error, appellant contends that he was denied
effective assistance of counsel because his trial counsel did not object to the two
hypothetical questions posed by the State and because his trial counsel did not request
a sudden-passion charge at the punishment stage. 

 Appellant must show that his counsel's performance was deficient and that
this deficiency prejudiced appellant's defense. Strickland v. Washington, 466 U.S.
668, 687-694, 104 S. Ct. 2052, 2064-68; Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). 

 Because we have no record of what trial counsel's strategy may have been, (2)
we cannot speculate as to counsel's strategy for not objecting to the State's
hypothetical questions or as to counsel's strategy for not requesting a sudden-passion
charge. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.]
1996, no pet.). Appellant's second and fifth points of error are overruled. CONFRONTATION CLAUSE

 In his third and fourth points of error, appellant contends that he was denied
his right to confrontation under both the state and federal constitutions when the trial
judge erroneously sustained the State's objection to the impeachment of a witness.

 Limiting appropriate cross-examination violates the right to confrontation. 
Carrol v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). However, the trial
judge maintains broad discretion to impose reasonable limits on cross-examination
to avoid any confusion of the issues. Lopez v. State, 18 S.W.3d 220, 223 (Tex. Crim.
App. 2000); Lagrone v. State, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997). 

 Appellant argues that impeachment is one of the primary purposes of cross-examination. One way to impeach a witness is through prior inconsistent statements. 
Tex. R. Evid. 613(a) ("In examining a witness concerning a prior inconsistent
statement made by the witness . . . ."); Bigby v. State, 892 S.W.2d 864, 886 (Tex.
Crim. App. 1994) (statement must be made by the witness who is being impeached). 
In this case, appellant attempted to offer a Houston Chronicle article pertaining to his
case during the testimony of Officer Swainson, an officer investigating the murder. 
The article was offered for the following quotation, "A man has been charged with
murder in the shooting of another man during a dispute over debt." (Emphasis
added.) The article was offered to impeach the testimony of Guerrero and Session,
who had denied that the sole purpose for going to appellant's home was to collect a
debt. Appellant does not point to any portion of the record in which Officer
Swainson may have made a statement to the Houston Chronicle concerning a dispute
over debt; thus, the article was not relevant to impeach a prior inconsistent statement
of Officer Swainson. Neither can appellant attempt to impeach the testimony of
Guerrero and Session through a statement in a newspaper article that is not attributed
to either of those witnesses. Moreover, the trial judge stated that appellant could re-offer this evidence at some other time. Appellant never attempted to re-offer the
article; thus, he did not preserve his complaint. See Tex. R. App. P. 33.1(a); Johnson
v. State, 527 S.W.2d 525, 527 (Tex. Crim. App. 1975).

 We overrule appellant's third and fourth points of error.

 We affirm the judgment. 


 

 Jackson B. Smith, Jr. (3)

 Justice

Panel consists of Justices Jennings, Radack, and Smith. 

Do not publish. Tex. R. App. P. 47.

 
1. Guerrero was a prostitute, who worked for Tamayo. She had performed services
for appellant and his friends the previous weekend.
2. Appellant did file two motions for new trial. However, neither motion alleged
ineffective counsel as a ground for a new trial, nor was there a hearing on appellant's
new trial motions. 
3. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.