United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-11248
_____

RONALD CURTIS CHAMBERS,

Petitioner - Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:99-CV-1283-L

_____

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Ronald Curtis Chambers was convicted and sentenced to death in 1976 for capital murder during the course of a robbery. He requests a certificate of appealability ("COA") to appeal the district court's denial of federal habeas relief for sixteen claims. The request is GRANTED, in part, and DENIED, in part.

I

To obtain a COA, Chambers must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To make such a showing, he must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  In making our decision whether to grant a COA, we conduct a "threshold inquiry", which consists of "an overview of the claims in the habeas petition and a general assessment of their merits."  Id. at 327, 336.

A

Based on our limited, threshold inquiry and general assessment of the merits of Chambers's claims, we conclude that the following claims present issues that are adequate to deserve encouragement to proceed further:

Claim 1.  Whether Chambers's Sixth Amendment right to counsel was violated when one of two attorneys appointed to represent him on the direct appeal of his third conviction had a conflict of interest based on that attorney's representation of Chambers's accomplice in guilty plea proceedings in 1975.

Claim 2, subparts a, c, and e.  Whether Chambers's appellate counsel rendered ineffective assistance by:

a.  failing to appeal the denial of Batson objections to the prosecution's peremptory strikes of three minority jurors;

c.   failing to appeal the prosecutor's comment on the defense's failure to produce photographs;

2

e. Failing to appeal the admission of testimony from a news reporter regarding statements made by Chambers while on death row.

Claims 5-6. Whether Chambers's Eighth Amendment rights were violated by the trial court's refusal to permit the introduction of evidence of his accomplice's criminal history to demonstrate his comparative culpability; and, alternatively, whether appellate counsel rendered ineffective assistance by failing to raise this issue on appeal.

Claims 14-16. Whether the Texas capital punishment statute is unconstitutional as applied to Chambers because it prohibited the jury from considering mitigating evidence, and because it prohibited the court from submitting to the jury a special issue regarding whether mitigating evidence warranted a life sentence.

Accordingly, we GRANT a COA for these claims. If petitioner Chambers wishes to file a supplemental brief with respect to the claims for which a COA has been issued, he may do so within thirty days. The supplemental brief should address only matters that have not already been covered in the brief in support of the COA application. The State may file a reply fifteen days thereafter.

B

Chambers has failed to demonstrate that jurists of reason could disagree with the district court's resolution of the issues presented in the following claims, and we therefore DENY his request for a COA for those claims, for the reasons set forth below:

3

Claim 2, subpart b:  Whether appellate counsel rendered ineffective assistance by failing to challenge on direct appeal the State's argument that a not guilty verdict must be based upon unanimous reasonable doubt.   The prosecutor told the jury, during closing argument at the guilt-innocence phase, that it could find Chambers guilty of capital murder only if all twelve jurors unanimously found reasonable doubt.  Chambers speculates that the jurors carried this misunderstanding to the special issues and inaccurately believed that unanimity was required on each of the special issues in order for a life sentence to be imposed.  He also claims that the prosecutor reversed the burden of proof, telling jurors that the burden was on Chambers to convince all twelve jurors that reasonable doubt existed before he could escape a capital murder verdict.   The Texas Court of Criminal Appeals adopted the state habeas court's findings and conclusions that: (1) the prosecutor's argument was proper because he neither contradicted the court's charge nor misstated the law; (2) assuming arguendo that the argument was improper, any error was cured when the court instructed the jury to read and follow the charge; and (3) appellate counsel were not ineffective for making the reasonable decision not to raise this issue on appeal.   The district court found that the prosecutor's statements merely paraphrased the jury charge:  Before the jury could consider the lesser offense of murder, it had to first acquit Chambers of capital murder, and the verdict had to be unanimous.  The district

4

court concluded that, because the prosecutor's argument was consistent with the jury charge, there was no error for appellate counsel to raise on appeal. The district court's resolution of this sub-claim is not debatable.

Claim 2, subpart d: Whether appellate counsel rendered ineffective assistance by presenting his Penry claims on direct appeal as fundamental error under state law, based on their erroneous belief that objections had been waived. Chambers argues that all of the objections had been preserved by written motion. The Texas Court of Criminal Appeals adopted the state habeas court's factual finding that appellate counsel cited the correct appellate standard. The state habeas court found that the motion filed two months before trial "neither enabled the trial court to know in what respect Chambers regarded the charge as defective nor afforded the trial court an opportunity to correct it before reading the charge to the jury". The district court held that, because the state court had authoritatively ruled on this matter of state procedural law, the court was not entitled to re-interpret state law differently on federal habeas review. Reasonable jurists would not consider the district court's resolution of this issue to be debatable.

Claim 2, subpart f: Whether appellate counsel rendered ineffective assistance by failing to raise on appeal the trial court's failure to include an anti-parties charge at sentencing and an application paragraph in the guilt-innocence instructions

5

applying the law of parties to Chambers's accomplice.  Under Texas law, it is error to refer to the law of parties in the abstract portion of the guilt-innocence charge and not to apply the law or to refer to that law in the application paragraph of the charge.  Furthermore, if there is a parties charge at the guilt-innocence phase, the defendant is entitled to an anti-parties charge (an instruction that the law of parties may not be considered by the jury in assessing punishment or in answering the special issues in a capital case) at the punishment phase if the defendant requests such an instruction.  Chambers contends that the instructions in the guilt phase included a parties instruction:

> You are instructed that an "accomplice," as that term is hereafter used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense.  A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Mere presence alone, however, will not constitute one a party to an offense.

Chambers therefore contends that he was entitled to an application paragraph pertaining to Williams, and an anti-parties charge at the punishment phase, and that appellate counsel rendered ineffective assistance by not raising these issues on direct appeal.  The state habeas court found that a parties application paragraph was not required because the jury instructions in the guilt-innocence phase

6

did not contain a parties charge (although they did contain an accomplice witness instruction), and because the charge, read as a whole, demonstrated that the State tried Chambers as the primary actor, and not as a party. Therefore, the court concluded that an anti-parties charge was not warranted in the jury instructions for the punishment phase. The district court held that the prosecution did not rely on party liability for a finding of guilt, and that the charge permitted a verdict of guilty only upon evidence establishing that Chambers's own conduct caused the death of the victim in the course of a robbery. Accordingly, even if the accomplice witness instruction could be construed as a parties instruction, the district court held that Chambers was not harmed by the omission of an application paragraph. The district court held that because the jury was instructed that it could find Chambers guilty of capital murder based only on his own conduct, no anti-parties instruction was required at the punishment phase. Jurists of reason would not debate the district court's resolution of this sub-claim.

Claim 2, subparts g-o: Whether appellate counsel rendered ineffective assistance by failing to raise on appeal the following issues: (g) denial of his objection to victim impact testimony; (h) denial of his motion to dismiss jurors who had read certain news accounts; (i) denial of his request for a change of venue and continuance; (j) improper excusal of several jurors for cause; (k) denial of his objection to the trial court's admission of four

7

autopsy photographs; (l) denial of hearsay objections; (m) refusal to release the statement of a convicted accomplice; (n) refusal to excuse several jurors for cause; and (o) denial of a motion for new trial based on jury misconduct. Chambers states that page limitations required him to omit discussion of these sub-claims (designated as claims 5-11 and 15-16 in the district court) in his brief in support of his COA application, and he attempts to incorporate by reference his briefing of these issues in district court. Chambers did not, however, request permission from this court to exceed the page limitations. Based on our precedent, we will not consider these unbriefed issues. See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004) (claims not addressed in brief in support of COA application deemed abandoned); Woods v. Cockrell, 307 F.3d 353, 357 (5th Cir. 2002) (inadequately briefed issues are waived); Martin v. Cain, 246 F.3d 471, 475 n.1 (5th Cir. 2001) (holding that court will not consider COA requests that are not briefed).

Claim 3: Whether trial counsel rendered ineffective assistance by failing to seek a parties application jury instruction at the guilt-innocence phase of trial, followed by an anti-parties charge at sentencing. As discussed supra, in sub-claim 2-f, Chambers argued that appellate counsel rendered ineffective assistance by not challenging on appeal the trial court's failure to include a parties application paragraph in the instructions at the guilt-innocence phase and an anti-parties

8

charge in the sentencing instructions. In Claim 3, he contends, in the alternative, that if the court holds that trial counsel waived error, then trial counsel rendered ineffective assistance by failing to request such instructions. Reasonable jurists would not find debatable the district court's decision that there was no error for trial counsel to waive, because there was no parties instruction upon which to base an application paragraph or an anti-parties charge.

Claim 4: Whether the claims that were not raised on direct appeal are procedurally defaulted and/or barred by Teague v. Lane, 489 U.S. 288 (1989), and whether such claims constitute fundamental error such that the failure to address them on the merits will violate Chambers's rights to procedural and substantive due process and the Eighth Amendment. The district court held that the claims that were not raised on direct appeal are procedurally defaulted, Teague-barred, and meritless, because Chambers has no due process and Eighth Amendment right to federal review of claims not raised at the state level. The district court also held that Chambers had not "shown that the state procedural rule is not adequate to bar federal review; nor has he shown that sufficient cause and prejudice exist to excuse the procedural default, or that imposition of the bar would result in a fundamental miscarriage of justice." Reasonable jurists would not find the district court's rejection of this claim debatable or wrong.

9

Claim 7:  Whether Chambers's execution after such a lengthy delay would violate the Eighth Amendment.  Chambers was arrested in April 1975 and has been in custody since that time.  He has been tried, convicted, and sentenced to death three times.  His first (1976) conviction was reversed in a second state habeas action in 1984, because the State's psychologist had interviewed him without informing him that his statements would be used to obtain a death sentence.  Ex parte Chambers, 688 S.W.2d 483 (Tex. Crim. App. 1984), cert. denied, 474 U.S. 864 (1985).  His second (1985) conviction was reversed on direct appeal because of Batson violations.  Chambers v. State, 784 S.W.2d 29 (Tex. Crim. App.), cert. denied, 496 U.S. 912 (1989).  He was convicted for the third time in 1992.  He argues that his execution after such a lengthy delay would violate the Eighth Amendment.  He claims to be one of the two or three longest-serving death row inmates in the United States.  The district court held that this claim is Teague-barred and foreclosed by Fifth Circuit precedent.  See Lackey v. Johnson, 83 F.3d 116 (5th Cir. 1996).  The district court's resolution of this claim is not debatable.

Claims 8-10:  Whether Chambers's Eighth Amendment and procedural due process rights were violated because the trial court applied the wrong sentencing statute; alternatively, if trial and appellate counsel waived this claim, whether he received ineffective assistance of counsel.  Chambers argues that the trial court erred by failing to give him the benefit of the 1991

10

amendments to the capital sentencing statute, which required the court to instruct the jury to consider mitigating evidence and to submit a new special issue on mitigation. The Texas Court of Criminal Appeals adopted the findings of the state habeas court that Chambers's jury was correctly instructed to answer the special issues pursuant to the pre-1991 version of the statute. The district court declined to review the state court's interpretation of state law and concluded that no waiver of error was present to support a claim of ineffective assistance of trial and appellate counsel. Reasonable jurists would not debate the district court's resolution of these claims.

Claims 11-12: Whether the jury misunderstood key terms used in the sentencing phase instructions and did not feel able to give effect to mitigating evidence. In support of these claims, Chambers argues that social science evidence and testimony by the jury foreperson prove that the jury did not understand or feel able to give effect to mitigating evidence, and did not understand the terms "deliberately", "criminal acts of violence", "probability", "continuing threat", and "society", as used in the sentencing phase instructions. The Texas Court of Criminal Appeals adopted the findings of the state habeas court that the affidavits of six social scientists were unpersuasive because they were written for a habeas proceeding in another case which had a different jury charge in the punishment phase; and the jury foreperson's affidavit was not credible. The district court held that Chambers failed to

11

rebut the state court's presumptively correct factual findings. Reasonable jurists would not find the district court's resolution of these claims to be debatable or wrong.

Claim 13: Whether Chambers received ineffective assistance of counsel during his second trial, which resulted in the admission of damaging evidence in his third trial. The Texas Court of Criminal Appeals adopted the state habeas court's conclusion that Chambers had waived review of this claim because he cited no authority for the proposition that ineffective assistance of counsel in a previous trial is cognizable in a post-conviction proceeding regarding a subsequent trial. The district court held that the claim was procedurally defaulted, and that Chambers had not shown cause or prejudice to excuse the default. It also noted that the claim is Teague-barred. Reasonable jurists would not debate whether the district court properly rejected as procedurally defaulted and Teague-barred Chambers's claim that habeas relief is available for alleged ineffective assistance of counsel arising out of a previously reversed conviction.

Accordingly, we DENY a COA for those claims.

COA GRANTED in part and DENIED in part.