United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10205
Conference Calendar

_____

DESMOND SAMUEL SKYERS,

Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Medical Center Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-803
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Desmond Samuel Skyers, federal prisoner # 29301-037, appeals
the dismissal of his 28 U.S.C. § 2241 petition challenging his
cocaine-trafficking convictions and his 360-month sentence.
Skyers was convicted in the Eastern District of North Carolina.

In the § 2241 petition, filed in the Northern District of
Texas, Skyers challenged his sentence under United States v.
Booker, 543 U.S. 220 (2005), and related cases.  The district
court concluded that Skyers was directly contesting the
imposition of his sentence, a challenge that may be brought only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 28 U.S.C. § 2255 and only in the district in which Skyers was sentenced.  See Lee v. Wetzel, 244 F.3d 370, 373-74 & n.3 (5th Cir. 2001).  Observing that any § 2255 motion would be barred by the one-year limitations provision and would be dismissed as successive, the district court dismissed Skyers's petition.

On appeal, Skyers has failed to address the legal basis on which the district court dismissed his habeas petition.  This is the same as if he had failed to appeal the judgment.  See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004).  In any event, the district court lacked authority to consider Skyers's petition under § 2241 because Skyers was not attacking the manner in which his sentence was executed.  See Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005).

AFFIRMED.