IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20375
Conference Calendar

JACK LEE GUTIERREZ

Plaintiff-Appellant

v.

THOMAS E MERCHANT, Assistant Administrative Segregation Warden;
ROBERT MCLAIN, TDCJ Correctional Officer III; KEVIN A FORD, TDCJ
Correctional Officer II; CARLOS REYNA, Offender TDCJ #804122; CARY J
COOK, Assistant Administrative Segregation Warden

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-4136

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jack Lee Gutierrez, Texas prisoner # 1051864, filed a 42 U.S.C. § 1983 complaint, which the district court dismissed for want of prosecution because Gutierrez failed to comply with court orders requiring him to file a more definite statement. Gutierrez's brief fails to address the basis of the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal. Although this court liberally construes pro se briefs, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to address the legal basis of the district court's decision, Gutierrez has effectively failed to appeal the judgment. See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004) (citing Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)).

As Gutierrez's appeal lacks any arguable merit, we dismiss it as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Gutierrez is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). The motion for appointment of counsel is denied.

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.