United States Court of Appeals
Fifth Circuit

**F I L E D**

September 6, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60866
Summary Calendar

HATTIE MOORE

Plaintiff-Appellant

v.

JONES COUNTY SCHOOL DISTRICT

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CV-2200

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hattie Moore, proceeding pro se, appeals the district court's judgment dismissing her complaint alleging racial discrimination and personal injury resulting from her termination of employment and subsequent arrest on May 27, 2003. Finding no error, we affirm.

The district court concluded that Moore' suit was barred by the doctrine of res judicata, which bars the litigation of claims that were previously litigated or should have been raised in an earlier suit. Test Masters Educational Servs.,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). Moore's brief fails to address the res judicata determination, which could constitute abandonment of the sole issue on appeal. See Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004). However, because the appellee has addressed res judicata fully and does not assert prejudice resulting from Moore's inadequate briefing, and in consideration of Moore's pro se status, we will review the district court's res judicata ruling. See Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988).

The four elements of res judicata are: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Test Masters, 428 F.3d at 571. These elements are easily satisfied here. Moore's prior suit alleged discrimination arising out of the same May 27, 2003, termination and arrest that forms the bases of her claims in the current suit. In both suits, she sued the Jones County School District and Superintendent Thomas Prine. The prior suit resulted in a judgment on the merits with prejudice, and that judgment was rendered by a court of competent jurisdiction. Accordingly, the district court did not err in concluding that the instant suit is barred by res judicata.

The judgment of the district court is AFFIRMED.