# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2022

Lyle W. Cayce
Clerk

No. 21-20499

Matthew James Leachman,

*Petitioner—Appellant*,

*versus*

Sheriff Ed Gonzalez,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2943

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Matthew James Leachman, Texas prisoner # 01525039, moves for a certificate of appealability (COA) to appeal the dismissal, on exhaustion and abstention grounds, of his pretrial 28 U.S.C. § 2241 petition. Leachman's § 2241 petition challenged his pending retrial for aggravated sexual assault of a child on the basis of prosecutorial vindictiveness, double jeopardy, and a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

violation of his right to a speedy trial. He additionally appeals the district court's implicit denial of his motion to expand the record.

As an initial matter, by failing to request a COA on the issue of double jeopardy, Leachman has abandoned that claim. *See Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004). To obtain a COA on his remaining claims, including his challenge to the denial of the motion to expand the record, Leachman must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by showing "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Leachman fails to make the requisite showing, and the motion for a COA is accordingly DENIED.

To the extent a COA is not required to appeal the denial of the motion to expand the record, we conclude that the district court did not abuse its discretion in denying the motion. *See In re Liljeberg Enters., Inc.*, 304 F.3d 410, 433 n.43 (5th Cir. 2002). The documents that Leachman sought to expand the record to include would not alter the district court's finding that he failed to exhaust his state court remedies before seeking federal habeas relief. *See generally Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017). Accordingly, we alternatively AFFIRM the denial of the motion to expand the record.