# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2022

Lyle W. Cayce
Clerk

No. 21-50538

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EMILIO VILLALOBOS-ALCALA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CV-1
USDC No. 2:13-CR-217-1

Before HAYNES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Emilio Villalobos-Alcala, federal prisoner # 11837-380, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his convictions for conspiracy to possess with intent to distribute marijuana, conspiracy to import marijuana,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conspiracy to possess firearms in furtherance of a drug trafficking crime, and two counts of aiding and abetting smuggling goods from the United States. He argues that (1) his trial counsel was ineffective because he failed to investigate, interview, and call various witnesses; and (2) the district court abused its discretion in denying his motion to amend his § 2255 motion and his motion for transcripts.

In his COA motion, Villalobos-Alcala does not raise any of the remaining claims that he raised in his § 2255 motion. Therefore, he has abandoned these claims by failing to brief them adequately in his COA motion. *See Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004).

To obtain a COA, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where claims are rejected on the merits, the prisoner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. A COA inquiry is a "threshold question [that] should be decided without full consideration of the factual or legal bases adduced in support of the claims." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks and citation omitted). Villalobos-Alcala has not made such a showing. Accordingly, his COA motion is DENIED.

To the extent that a COA is required to appeal the denial of the motion for transcripts, it is DENIED. Alternatively, if a COA is not required, *see,*

No. 21-50538

*e.g., See Harbison v. Bell*, 556 U.S. 180, 183 (2009), the denial of the motion for transcripts is AFFIRMED, *see* 28 U.S.C. § 753(f).

As Villalobos-Alcala fails to make the required showing for a COA on his constitutional claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021).